**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEIDRE R.,<br><br>Claimant,<br><br>v.<br><br>FRANK J. BISIGNANO,<br>Commissioner of Social Security,<br><br>Respondent. | Case No. 25 C 7281<br><br>Magistrate Judge Karyn L. Bass Ehler |

## MEMORANDUM OPINION AND ORDER

Deidre R.[1] ("Claimant") appeals the decision of the Commissioner of Social Security[2] ("Commissioner") denying her application for disability insurance benefits. Claimant filed an Opening Brief in Support of a Social Security Appeal [11]. The Commissioner filed a Memorandum of Law in Support of Motion for Summary Judgment [13], and Claimant filed a Reply Brief [14]. For the reasons set forth below, the Court grants Claimant's appeal [11] and denies the Commissioner's Memorandum of Law in Support of Motion for Summary Judgment [13]. This case is remanded this case to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.[3]

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

[3] The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). *See* [6].

## BACKGROUND

Claimant applied for disability insurance benefits on October 20, 2021, alleging a disability beginning on October 8, 2021. (R.655). Her application was denied initially and on reconsideration after which she requested a hearing before an administrative law judge ("ALJ"). *Id.* After the hearing, the ALJ issued his decision on May 25, 2024, denying her application for disability benefits and concluding she was not disabled under the Social Security Act. (R.655-666). The Appeals Council denied Claimant's request for review (R.1-6), leaving the ALJ's decision as the final decision of the Commissioner, which is reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## DISCUSSION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining if a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must determine whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since October 8, 2021, the alleged disability onset date. (R.657). At step two, the ALJ found that Claimant has the following severe impairments: degenerative disc disease of the lumbar spine, asthma, and skin disorder. (R.657). At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment. (R.659-60). At step four, the ALJ determined that Claimant has the RFC to perform light work with certain limitations as follows:

> [C]laimant has the residual functional capacity to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently. She is able to stand and/or walk for a total of about 6 out of 8 hours. She is able to sit for a total of about 6 out of 8 hours. The claimant can occasionally climb ramps and stairs, and she can occasionally stoop, kneel, balance, crouch and crawl, but she can never climb ladders, ropes or scaffolds. She can reach in all directions and lift with her left upper extremity frequently but not constantly. The claimant should avoid concentrated exposure to extreme heat or cold, extreme humidity, or to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation.

(R.660). The ALJ then found that Claimant is capable of performing her past relevant work (R.665) and, therefore, has not been under a disability, as defined by the Social Security Act, from October 8, 2021, through Mary 25, 2024, the date of the ALJ's decision. (R.666).

The district court reviews the ALJ's decision deferentially and must affirm that decision if it is supported by "[s]ubstantial evidence," *i.e.*, '"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Seventh Circuit has concluded that an ALJ's decision is "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Though the standard of review is deferential, the court must "conduct a critical review of the evidence" before affirming the Commissioner's

decision. *See Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even if there is adequate evidence in the record to support an ALJ's decision, that decision cannot be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *see also Warnell*, 97 F.4th at 1053.

Claimant asserts two arguments challenging the ALJ's decision: (1) the ALJ improperly evaluated the medical opinion evidence; and (2) the ALJ did not consider Claimant's non-severe mental health impairments and the prior administrative findings of Dr. Robert Jackson, PhD. Claimant's Brief [11], at 7-12. The Court addresses Claimant's second argument below, which mandates a remand.

The record includes a Psychiatric Review Technique Assessment that was performed by state agency psychological consultant, Dr. Jackson, PhD, during the reconsideration stage of Claimant's application. (R.715-16). Dr. Jackson noted Claimant's brief history of adjustment order and concluded that her mental health impairments were not severe and opined that she was mildly limited in her ability to understand, remember, or apply information; concentrate, persist, or maintain pace; and adapt or manage oneself. (R.715). The ALJ, however, did not explicitly address any of this evidence in his decision even though the regulations require an ALJ to "evaluate every medical opinion." *Jones v. Dudek*, 134 F.4th 991, 993 (7th Cir. 2025) (citing 20 C.F.R. § 404.1527(c)). The Commissioner concedes that the ALJ erred at step 2 by not addressing Claimant's non-severe mental impairments and failing to discuss the administrative findings of Dr. Jackson, PhD. Commissioner's Brief [14], at 1-2. The Commissioner, however, argues that the ALJ's error is harmless because there is very little evidence in the record that Claimant had any mental health impairments and, among other things, she did not allege any mental impairments

when she applied for disability nor did she argue that she had any mental impairments at the hearing before the ALJ. *Id.*

The Court acknowledges the Commissioner's argument and recognizes that there is minimal evidence in the record that Claimant has any mental limitations and, to the extent she has any mental limitations, they are not severe. The Court, however, cannot ignore the regulations that require an ALJ to articulate how persuasive he finds all of the medical opinions in the record and to consider all of a claimant's medically determinable impairments, including those deemed non-severe when assessing the RFC. *See* 20 C.F.R. §§ 404.1520c(b) and 404.1545(a)(2). It is undisputed that the ALJ did not discuss the administrative findings of Dr. Jackson, PhD, nor did he address Claimant's non-severe mental impairments. That error requires a remand.

Is it possible that the ALJ, in fact, considered Claimant's mental impairments and concluded that they were not severe? Yes, it is possible. However, the ALJ did not say so, and the Court will not speculate as to the ALJ's thinking on that issue. And even if the ALJ considered Claimant's mental impartments and concluded they were not severe, the ALJ still was required to consider whether her non-severe mental impairments, in combination with her other impairments, could require greater limitations in her RFC. The ALJ failed to do that too. *See Brown v. Comm'r of Soc. Sec.*, 2024 WL 1341074, at *9 (N.D. Ind. Mar. 28, 2024) (concluding that because the ALJ's RFC analysis was devoid of any discussion related to the claimant's non-severe mental health impairments, remand was required). An ALJ "'has an obligation to evaluate every medical opinion and explain the persuasiveness of the opinion.'" *Id.* at *10 (quoting *Hebein v. Kijakazi*, 2023 WL 2583267, at *5 (N.D. Ind. Mar. 21, 2023)). The same must be required in this case too.

Because the Court has concluded that remand is required for the reasons discussed above, the Court declines to address Claimant's remaining argument. The Court, however, cautions

Claimant not to read more into this decision than the Court intends. Ultimately, Claimant's arguments may not withstand scrutiny, and the Court encourages the ALJ to evaluate all relevant evidence on remand and provide enough explanation for the Court to be able to conclude that his decision is supported by substantial evidence.

**CONCLUSION**

For the reasons set forth above, Claimant's Opening Brief in Support of a Social Security Appeal [11] is granted, and the Commissioner's Memorandum of Law in Support of Motion for Summary Judgment [13] is denied. This case is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order

It is so ordered.

Karyn L. Bass Ehler
United States Magistrate Judge

Dated: September 9, 2026